

FILED
JOHN P. HEHMAN
CLERK

2012 NOV 14 AM 11:49

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACK E. FURAY
P.O. Box 88
LEWIS CENTER, OHIO 43035

    Plaintiff.

    -v-

LVNV FUNDING, LLC
RESURGENT CAPITOL SERVICES, LP

    Defendants.

Case No. 2:12 cv 1048

JUDGE SARGUS

MAGISTRATE JUDGE KING

Trial by Jury Demanded

## COMPLAINT

Plaintiff, Jack E. Furay, hereby sues Defendants, LVNV FUNDING, LLC and RESURGENT CAPITOL SERVICES LP.

### PRELIMINARY STATEMENT

1. This is an action for statutory damages and actual damages for violations of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. §1692 et seq., Fair Credit Reporting Act (FCRA) 15 U.S.C. § 1681b and the Ohio Consumer Sales Practices Act (OCSPA) §§ 1345.01 through 1345.13.

2. Plaintiff contends that the Defendants have violated such laws by repeatedly harassing Plaintiff in attempts to collect alleged but nonexistent debt.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court arises under 12 U.S.C. § 1681p and 28 U. S. C. § 1331 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. The occurrences which give rise to this action occurred in Delaware County, Ohio and Venue is proper in the United States District Court for the Southern District Eastern Division of Ohio.

## PARTIES

5. The Plaintiff, in this lawsuit is Jack E. Furay, is a natural person who lives in Delaware County in the State of Ohio.

6. Defendant LVNV FUNDING, LLC is a Corporation, doing business in the State of Ohio.

7. Defendant RESURGENT CAPITOL SERVICES, LP is a Corporation doing business in the State of Ohio.

8. Defendants LVNV FUNDING, LLC and RESURGENT CAPITOL SERVICES, LP are each a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) and the OCSPA, Ohio Rev. Code §§1345.01 through 1345.13.

All conditions precedent to the bringing of this action have been performed, waived or excused.

## FACTUAL ALLEGATIONS

9. On or about May 13, 2011 Plaintiff received from RESURGENT CAPITOL SERVICES L.P. a collection letter stating they were going to commence collection action for an alleged debt that had been placed with RESURGENT CAPITOL SERVICES, L.P. This letter was not signed by anyone. RESURGENT CAPITOL SERVICES, L.P. had already obtained Plaintiff's

Credit Report on April, 14, 2011 from EXPERIAN without Plaintiff's permission and with out having a permissible purpose, in violation of the Fair Credit Reporting Act and Fair Debt Collections Practices Act.

10. On June 7, 2011 Plaintiff sent a validation, cease and desist letter by Certified Mail #7009-0820-0001-1069-9008 to RESURGENT CAPITOL SERVICES, L.P. and this request for validation of any alleged debt was received and signed for on June 10, 2011.

11. No validation was ever sent to Plaintiff other than a short paragraph in the first letter sent to Plaintiff by RESURGENT CAPITOL SERVICES, L.P. Stating "LVNV FUNDING, LLC currently owns account number ------------9774. This account was previously sold by Chase Bank USA, N.A. on or about 08-25-2010...." This statement by LVNV FUNDING LLC is not a Validation or Verification of any debt.

12. There was no affidavit provided by LVNV FUNDING, LLC to attest or attempt to verify under oath that the so called documentation was true and correct. Defendants were still trying to collect an alleged debt with out providing validation. In doing so Defendants were in violation of FDCPA 15 U.S.C. § 1692 g(b).

13. On September 19, 2012 Plaintiff sent a letter to RESURGENT CAPITOL SERVICES L.P. Stating RESURGENT CAPITOL SERVICES L.P. had obtained a credit inquiry from EXPERION with out Plaintiff's authorization and to please have the inquiry removed from Plaintiff's credit report or supply a valid reason why Plaintiff's Credit Report was obtained.

Plaintiff also gave notice to Defendants of Plaintiff's Notice of Pending Law Suit in an attempt to mitigate damages and settle these matters amicably without having to file suit. This letter was sent by Certified Mail #7012-1010-0000-5885-3175 and received and signed for on September

24, 2012.

14. On or about October 1, 2012 Plaintiff received from Defendants a letter stating the above referenced account had been closed. This letter, copy attached, by stating the account was closed shows Defendants did not have a permissible purpose to obtain Plaintiff's Credit Report.

15. This was in violation of FDCPA 15 U.S.C. § 1692g(b). Collector must cease collection efforts until debt is validated and the FCRA Fair Credit Reporting Act 15 USC § 1681.

## COUNT I
## VIOLATIONS OF FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692

16. Paragraphs 1 through 15 are alleged as though fully set forth herein.

17. Plaintiff is a consumer within the meaning of the FDCPA, U.S.C. § 1692a(3).

18. Defendant LVNV FUNDING P.C. is a debt collector within the meaning of FDCPA 15 U.S.C. § 1692a(6).

19. Defendant RESURGENT CAPITOL SERVICES L.P. is a debt collector within the meaning of FDCPA U.S.C. § 1692a(6).

20. Violations include, but are not limited to, the following:

21. Defendant LVNV FUNDING LLC violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt. Such violations are prohibited by 15 U.S.C. § 1692e(2).

22. Defendant RESURGENT CAPITOL SERVICES LP violated 15 U.S.C. § 1692e(2) by falsely representing the character, amount, or legal status of any debt. Such violations are prohibited by 15 U.S.C. § 1692e(5).

23. Defendant NVLV FUNDING LLC violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. Such violations are prohibited by 15 U.S.C. § 1692e(5).

24. Defendant RESURGENT CAPITOL SERVICES LP violated 15 U.S.C. § 1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken. Such violations are prohibited by 15 U.S.C. § 1692e(5).

25. Defendant NVLV FUNDING LLC violated 15 U.S.C. § 1692e(10) by making any false representation deceptive means to collect a debt or obtain information about a consumer. Such violations are prohibited by 15 U.S.C. § 1692e(10).

26. Defendant RESURGENT CAPITOL SERVICES LP violated 15 U.S.C. § 1692e(10) by making any false representation deceptive means to collect a debt or obtain information about a consumer. Such violations are prohibited by 15 U.S.C. § 1692e(10).

27. Defendant NVLV FUNDING LLC violated 15 U.S.C. § 1692g(b) by continuing collection activity after receiving a notice of dispute, and failed to provide written validation of debt before resuming collection activities. Such violations are prohibited by 15 U.S.C. § 1692g(b).

28. Defendant RESURGENT CAPITOL SERVICES LP violated 15 U.S.C. § 1692g(b) by continuing collection activity after receiving a notice of dispute, and failed to provide written validation of debt before resuming collection activities. Such violations are prohibited by 15 U.S.C. § 1692g(b).

WHEREFORE, Plaintiff demands judgment against each and every Defendant for statutory damages of $1000.00 from each Defendant and actual damages and costs pursuant to the Fair Debt Collection Practices Act 15 U.S.C. § 1692.

## COUNT II

**VIOLATION OF THE FAIR CREDIT REPORTING ACT (FCRA), 15 U.S.C. § 1681 WILLFUL NON-COMPLIANCE BY DEFENDANTS NVLV FUNDING LLC and RESURGENT CAPITOL SERVICES LP**

29. Paragraphs 1 through 28 are alleged as though fully set forth herein.

30. Plaintiff is a consumer within the meaning of the FCRA, 15 U.S.C. § 1681a(c).

31. EXPERIAN is a credit reporting agency within the meaning of the FCRA 15 U.S.C. § 1681a(f).

32. Consumer credit report is a consumer credit report within the meaning of the FCRA, 15 U.S.C. § 1681a(d).

33. The FCRA, 15 U.S.C. § 1681b defines the permissible purposes for which a person may obtain a consumer credit report.

34. Such permissible purposes as defined by 15 U.S.C. § 1681b are generally, if the consumer makes application for credit, makes application for employment, for underwriting of insurance involving the consumer, or is offered a bona fide offer of credit as a result of the inquiry.

35. Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendants NVLV FUNDING LLC or RESURGENT CAPITOL SERVICES LP.

36. At no time did Plaintiff give his consent for NVLV FUNDING LLC or RESURGENT CAPITOL SERVICES LP to acquire his consumer credit report from EXPERIAN or any credit reporting agency.

37. The actions of NVLV FUNDING LLC obtaining the consumer credit report of Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

38. The actions of RESURGENT CAPITOL SERVICES LP obtaining the consumer credit report of Plaintiff with no permissible purpose or Plaintiff's consent was a willful violation of FCRA, 15 U.S.C. § 1681b and an egregious violation of Plaintiff's right to privacy.

39. The Defendants had a duty to properly ascertain if there was any legitimate permissible purpose before obtaining Plaintiff's credit report and Defendants breached said duty by failing to do so. There was no account that the Defendants had any right to collect to have had permissible purpose to obtain Plaintiff's credit report and therefore Plaintiff is entitled to damages.

WHEREFORE, Plaintiff demands judgment against each and every Defendant for statutory damages of $1000.00 and actual damages and costs pursuant to the Fair Credit Reporting Act 15 U.S.C. § 1681a.

### COUNT III

### VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT
### OHIO REVISED CODE ANN. §§ 1345.01 THROUGH 1345.13

40. Paragraphs 1 through 39 are alleged as though fully set forth herein.

41. NVLV FUNDING LLC violated Ohio Revised Code which Broadly prohibits unfair or unconscionable acts § 1345.02 (unfair acts and practices and prohibits deceptive acts) and §§ 1345.03 and 1345.031(unconscionable acts and practices).

42. RESURGENT CAPITOL SERVICES LP violated Ohio Revised Code which Broadly prohibits unfair or unconscionable acts § 1345.02 (unfair acts and practices and prohibits deceptive acts) and §§ 1345.03 and 1345.031(unconscionable acts and practices).

43. NVLV FUNDING LLC violated (OCSPA) § 1345.09 Private causes of action, Section (A) Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the

consumer's actual economic damages plus an amount not exceeding five thousand dollars in non economic damages. NVLV FUNDING LLC violated OCSPA §§ 1345.01 through 1345.13.

44. RESURGENT CAPITOL SERVICES LP violated (OCSPA) § 1345.09 Private causes of action, Section (A) Where the violation was an act prohibited by section 1345.02, 1345.03, or 1345.031 of the Revised Code, the consumer may, in an individual action, rescind the transaction or recover the consumer's actual economic damages plus an amount not exceeding five thousand dollars in non economic damages. RESURGENT CAPITOL SERVICES LP violated OCSPA §§ 1345.01 through 1345.13.

WHEREFORE, Plaintiff demands judgment against each and every Defendant for statutory damages and actual damages and non economic damages of $5,000.00 and costs pursuant to the Ohio Consumer Sales Practices Act § 1345.09.

### DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury of all issues so triable as a matter of law.

Dated: November 14, 2012.

Respectfully submitted,

_Jack F. Furay_
JACK E. FURAY
740-971-4689