IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACK E. FURAY | : | CASE NO.: 2:12-cv-01048-EAS-NMK |
| Plaintiff, | : | Judge Edmund A. Sargus<br>Magistrate Judge Norah McCann King |
| v. | : | |
| LVNV FUNDING, LLC, ET AL., | : | |
| Defendants. | : | |

---

**DEFENDANT LVNV FUNDING, LLC'S OPPOSITION TO PLAINTIFF'S MOTION [DOC.15] TO DEEM REQUEST FOR ADMISSIONS ADMITTED**

---

Now comes Defendant LVNV Funding, LLC ("LVNV"), by counsel, and responds to Plaintiff's Motion [Doc. 15] to have Request for Admissions of LVNV Funding, LLC Admitted. Plaintiff's Motion should be denied.

Plaintiff seeks an order deeming Plaintiff's request for admissions admitted as a result of LVNV's alleged "failur (sic) to answer." Plaintiff's Motion, Doc #15, p. 1. Plaintiff's motion is brought in bad faith, as LVNV has responded to Plaintiff's request for admissions on two separate occasions. *See* Ex. 1 (copy of two separate cover letters, with enclosed responses for each Defendant, to Plaintiff).

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure:

> A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney.

Fed. R. Civ. P. 36(a)(3). In this case, Plaintiff allegedly sent requests for admissions to Defendants LVNV and Resurgent Capitol Services, LP ("Resurgent") on March 29, 2013. *See* Plaintiff's Motion, Doc. #15, p. 1. The certificate of service on the requests states they were

1

actually sent on March 30, 2013.  *See* Ex. 1 (LVNV's responses to Plaintiff's request for admissions).  Defendant LVNV, through counsel, served responses to these requests for admissions on April 22, 2013 along with a cover letter.  *See* enclosures to Ex. 1.  That letter contained the separate responses of Defendants Resurgent Capital Services, LP and LVNV.  *See id*.  Nonetheless, on May 2, 2013, Plaintiff wrote to the undersigned claiming that LVNV did not respond to Plaintiff's Request for Admissions.  *See* Ex. 2 (Plaintiff's letter of May 2, 2013).  Plaintiff acknowledged receiving Resurgent's responses to his Request for Admissions.  *Id.*

Defendants' counsel advised Plaintiff via telephone that LVNV responded to Plaintiff's Request for Admissions and that those responses were in the same envelope as Resurgent's responses.  In addition, on May 17, 2013, LVNV's counsel sent Plaintiff a second letter, enclosing both the original cover letter and responses of Resurgent and LVNV.  *See* Ex. 1.

Nonetheless, on May 17, 2013, Plaintiff the present.  Plaintiff acknowledges receiving Resurgent's responses to Plaintiff's Request for Admissions.  Doc. #15, p. 1.  Resurgent's responses were contained in the same envelope as LVNV's responses.  *See* Ex. 1.  Therefore, Plaintiff received LVNV's responses.  Plaintiff's persistence in this motion is in bad faith, and must be denied.

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
LAW OFFICE OF BOYD W. GENTRY, LLC
2661 Commons Blvd., Suite 100
Beavercreek, Ohio 45431
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
*Attorney for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was placed in the mail (via prepaid priority mail) on June 9, 2013 to be served to the following:

Jack E. Furay
PO Box 88
Lewis Center, OH 43035

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)