IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JACK E. FURAY | : | CASE NO.: 2:12-cv-01048-EAS-NMK |
| Plaintiff, | : | Judge Edmund A. Sargus<br>Magistrate Judge Norah McCann King |
| v. | : | |
| LVNV FUNDING, LLC, ET AL., | : | |
| Defendants. | : | |

-----------------------------------------------------------------------------------------------------------
**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**MOTION TO COMPEL [DOC. 14] DEFENDANTS TO ANSWER DISCOVERY**
-----------------------------------------------------------------------------------------------------------

Now come Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent"), by counsel, and respond to Plaintiff's Motion [Doc. 14] to Compel Defendants to Answer Discovery. Plaintiff utterly failed to comply with Fed. R. Civ. P. 37 and this Court's Local Rules prior to filing his motion to compel. His motion should be denied.

Rule 37 of the Federal Rules of Civil Procedure "authorizes a motion to compel discovery when a party fails to provide proper response to interrogatories submitted under Rule 33 or requests for production of documents under Rule 34." *Gruenbaum v. Werner Enterprises, Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010); *Smith v. General Mills, Inc.*, No. 2:04-CV-705, 2006 WL 1209371, *2 (S.D. Ohio May 3, 2006). However, the party moving to compel must provide reasonable notice to the other parties, and "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). This Court has held that "[t]his is no idle formality or technical requirement." *Crozin v. Crown*

1

*Appraisal Group, Inc.*, Civ. Nos. 2:10-cv-00581, 2:10-cv-00764, 2011 WL 3566004, *2 (S.D. Ohio Aug. 15, 2011).

Indeed, this Court's Local Rules set forth a process for addressing discovery disputes. First, "[o]bjections, motions, applications, and requests relating to discovery shall not be filed in this Court, under any provision in Fed. R. Civ. P. 26 and 37 unless counsel have first *exhausted among themselves all extrajudicial means for resolving the differences*." S.D. Ohio Civ. R. 37.1 (emphasis added).  Second, after such means have been exhausted, "then in lieu of immediately filing a motion under Fed. R. Civ. P. 26 or 37 and S.D. Ohio Civ. R. 37.2, any party may first seek an informal telephone conference with the judicial officer assigned" to the case. *Id*. Finally, to the extent extrajudicial means have not disposed of the matter, a party may file a motion to compel, but such motion "shall be accompanied by a supporting memorandum and by a certification of counsel *setting forth the extrajudicial means which have been attempted* to resolve differences." S.D. Ohio Civ. R. 37.2 (emphasis added).  If the motion is denied, the court "must, after giving an opportunity to be heard, require the movant…to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(B).

Thus, "[o]nly if attempts at resolution fail, and the parties are truly at impasse, is it appropriate to file a motion to compel under Fed. R. Civ. P. 37 and S.D. Ohio Civ. R. 37.2." *Smith v. General Mills, Inc.*, 2006 WL 1209371 at *3.  A "single telephone conference with opposing counsel falls far short of the exhaustion of extrajudicial means of resolving discovery disputes required by both the Federal Rules of Civil Procedure and the Local Rules of this Court." *Id*. at *2.

In this case, Plaintiff allegedly sent Interrogatories and a Request for Production of Documents to Defendants on March 29, 2013. Defendants served their responses to these requests on April 29, 2013 and Plaintiff acknowledges receiving them in his motion. *See* Plaintiff's Motion to Compel, Doc. #14, p. 2. Plaintiff never certifies or even alleges that he attempted to confer with Defendants' counsel concerning Defendants' responses, in violation of Rule 37 of the Federal Rules of Civil Procedure. Plaintiff likewise never certifies or even alleges any extrajudicial means which have been attempted to resolve any differences, in violation of Rule 37.2 of this Court's Local Rules. Plaintiff does allege that he spoke, one time, via telephone with Defendants' counsel concerning LVNV's alleged failure to respond to Plaintiff's Request for Admissions[1], but he never alleges any communication whatsoever with Defendants' counsel concerning the discovery requests at issue in his motion to compel.

In fact, the undersigned counsel has no record of a voicemail message from Plaintiff during the month of May, 2013, except a message on May 14, 2013 at 8:13A.M. The undersigned returned that telephone call. During that telephone conversation, Plaintiff mentioned that he did not receive some discovery responses, but he was unable to articulate which responses he was concerned about because he did not have his papers with him. The parties mutually ended the call with no discussion of the issues raised in Plaintiff's present motion [Doc. 14]. Plaintiff never sent a written communication concerning the issues raised in his motion, prior to filing the motion. Plaintiff's motion is, therefore, premature and in violation of both the Federal Rules and this Court's Local Rules.

Moreover, Plaintiff fails to specifically set forth what information he believes Defendants failed to supply and how such information is relevant to his claims. "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant."

---

[1] This issue is addressed in a separate motion. *See* Doc. #15 and Defendant LVNV's response thereto.

3

*Gruenbaum*, 270 F.R.D. at 302 (*quoting Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-CV-273, 2006 U.S. Dist. LEXIS 68779, *2 (S.D. Ohio Sept. 25, 2006)).  Plaintiff's motion is void of any explanation as to how the information sought is relevant to his claims, aside from bare conclusory statements that such information "will most definitely tend to prove the elements of Plaintiff's claim."  Plaintiff's Motion to Compel, Doc. #14, p. 2.  The parties and this Court should not be left to guess at what Plaintiff is seeking.  Conserving limited judicial resources is precisely the reason the Federal and Local Rules require that parties confer prior to filing motions compel.

## CONCLUSION

Plaintiff failed to comply with Federal Rule of Civil Procedure 37 and this Court's Local Rules when he filed his motion to compel without first conferring with opposing counsel and exhausting all extrajudicial means of resolving the alleged discovery dispute.  Moreover, Plaintiff failed to set forth how the information sought is relevant to his claims.  For the foregoing reasons, Plaintiff's motion must be denied.

Respectfully submitted,

/s/Boyd W. Gentry
Boyd W. Gentry (0071057)
LAW OFFICE OF BOYD W. GENTRY, LLC
2661 Commons Blvd., Suite 100
Beavercreek, Ohio 45431
Tel. 937.839.2881
Fax 800.839.5843
bgentry@boydgentrylaw.com
*Attorney for Defendants*

4

## **CERTIFICATE OF SERVICE**

I certify that the foregoing document was placed in the mail (via prepaid postage) on June 9, 2013 to be served to the following:

Jack E. Furay
PO Box 88
Lewis Center, OH 43035

                                               /s/Boyd W. Gentry
                                               Boyd W. Gentry (0071057)