```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

JACK E. FURAY,

        Plaintiff,

  vs.                                      Case No. 2:12-cv-1048
                                                  Judge Sargus
                                                  Magistrate Judge King

LVNV FUNDING, LLC, *et al.*,

        Defendants.

## OPINION AND ORDER

      Plaintiff brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, the Fair Credit Reporting Act, 15 U.S.C. § 1681b, and the Ohio Consumer Sales Practices Act, O.R.C. § 1345.01 *et seq.*, in connection with defendants' alleged unlawful collection efforts and alleged unlawful access to plaintiff's credit report.  This matter is now before the Court for consideration of plaintiff's *Motion to Compel Defendants to Answer Discovery* ("*Plaintiff's Motion to Compel*"), Doc. No. 14, by which plaintiff seeks to compel response to requests for production of documents and interrogatories propounded to defendants on March 29, 2013. Defendants LVNV Funding, LLC, and Resurgent Capitol Services, LP, have filed a response to *Plaintiff's Motion to Compel*, *Defendants' Response to Plaintiff's Motion to Compel*, Doc. No. 19, and plaintiff has filed a reply, Doc. No. 20.

      Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper

response to interrogatories propounded pursuant to Rule 33 or to requests for production of documents propounded pursuant to Rule 34. Rule 37(a) expressly provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). "The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant." *Martin v. Select Portfolio Serving Holding Corp.*, No. 1:05-cv-273, 2006 U.S. Dist. LEXIS 68779, at *2 (S.D. Ohio Sept. 25, 2006) (citing *Alexander v. Fed. Bureau of Investigation*, 186 F.R.D. 154, 159 (D.D.C. 1999)). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.*, 186 F.R.D. 376, 383 (W.D. Tenn. 1999). Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). "The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.*, 424 F.2d 499, 500-01 (6th Cir. 1970) (citations omitted).

According to plaintiff, defendants failed to produce any documents responsive to plaintiff's discovery requests and provided evasive responses to plaintiff's interrogatories. *Plaintiff's Motion to Compel*, p. 2. Specifically, plaintiff complains that defendants responded to every interrogatory by stating that the information sought or the "methods/process used by Defendant" do "not tend to prove the elements to Plaintiff's claims." *Id*. Plaintiff has not, however, provided to the Court a copy of his discovery requests or any

2

information regarding his interrogatories or document requests. Under the circumstances, the Court is unable to evaluate either the propriety of the discovery requests or the sufficiency of the responses.

Rule 37 also requires that a party moving to compel certify that he "has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action." Fed. R. Civ. P. 37(a)(1).  *See also* S.D. Ohio Civ. R. 37.2. *Plaintiff's Motion to Compel* does not include the required certification. Plaintiff does represent that, before filing *Plaintiff's Motion to Compel*, he "asked [defendants'] Counsel if he was going [to] have Defendants answer Discovery and Counsel said that it had been answered." *Plaintiff's Motion to Compel*, p. 1. The Court concludes, however, that this single question fails to satisfy the requirement of Rule 37(a)(1) and S.D. Ohio Civ. R. 37.2.

For both these reasons, *Plaintiff's Motion to Compel Discovery*, Doc. No. 14, is **DENIED**.

August 5, 2013                                    *s/Norah McCann King*
                                         Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge