```
                  IN THE UNITED STATES DISTRICT COURT
                   FOR THE SOUTHERN DISTRICT OF OHIO
                             EASTERN DIVISION


JACK E. FURAY,

             Plaintiff,

    vs.                                 Case No. 2:12-cv-1048
                                        Judge Sargus
                                        Magistrate Judge King

LVNV FUNDING, LLC, et al.,

             Defendants.
```

## OPINION AND ORDER

Plaintiff apparently propounded requests for admission to defendants LVNV and Resurgent Capitol Services, LP ("Resurgent"), on March 29, 2013. *Motion to Have Request for Admission of LVNV Funding, LLC Admitted* ("*Plaintiff's Motion*"), Doc. No. 15, p. 1. Plaintiff represents that he received a response from defendant Resurgent on April 24, 2013, but that, as of May 17, 2013, defendant LVNV had not responded to the requests for admission. *Id*. at pp. 1-2.  This matter is now before the Court on *Plaintiff's Motion,* in which plaintiff asks the Court to deem those requests admitted. Defendant LVNV opposes *Plaintiff's Motion,* representing that it responded to plaintiff's requests for admission on two separate occasions.  *Defendant LVNV Funding, LLC's Opposition to Plaintiff's Motion to Deem Requests for Admissions Admitted* ("*Defendant LVNV's Response*"), Doc. No. 18. Plaintiff has not filed a reply.

Rule 36 of the Federal Rules of Civil Procedure, which governs requests for admission, provides, in pertinent part, as follows:

> A party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> (A) facts, the application of law to fact, or opinions about either; and
>
> (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a)(1). "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3).

Defendant LVNV represents that, on April 22, 2013, it served on plaintiff a cover letter and responses, which were contained in the same envelope as were defendant Resurgent's responses. *Defendant LVNV's Response*, pp. 1-2. Plaintiff acknowledges that he received defendant Resurgent's responses on April 24, 2013. *Plaintiff's Motion*, p. 1. Defendant LVNV further represents that, after plaintiff advised that he had not received LVNV's responses, "LVNV's counsel sent Plaintiff a second letter [on May 17, 2013], enclosing both the original cover letter and responses of Resurgent and LVNV." *Defendant LVNV's Response*, p. 2. Defendant LVNV has also submitted copies of letters, dated April 22, 2013 and May 17, 2013, that were allegedly served on plaintiff and responses to plaintiff's requests for admission with a certificate of service date of April 22, 2013. *Id*. at Doc. No. 18-1. Plaintiff, who did not file a reply in support of his motion, does not dispute defendant LVNV's representations in this regard.

2

The only evidence before the Court suggests that defendant LVNV responded to plaintiff's requests for admission within the time permitted by Rule 36.  *Plaintiff's Motion*, Doc. No. 15, is therefore **DENIED**.

August 5, 2013                             *s/Norah McCann King*
                                              Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge