UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JACK E. FURAY,

    Plaintiff,

v.

Case No.: 2:12-cv-1048
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Norah McCann King

LVNV FUNDING, LLC, et al.,

    Defendants.

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Motion to Dismiss Plaintiff's Complaint. (ECF No. 27.) In that motion, Plaintiff indicates that "because of personal matters" he could not "devote sufficient time to move this case forward." *Id.* at 1. Defendants file an opposition to Plaintiff's request, asking the Court to either (1) enter an order dismissing the case with prejudice, or (2) enter an order dismissing the case without prejudice, on the condition that if Plaintiff re-files the complaint, the costs (including the costs for Plaintiff's deposition transcript) incurred by Defendants in this action be assessed against Plaintiff.

Rule 41 of the Federal Rules of Civil Procedure provides a vehicle for a plaintiff to request dismissal of its case on terms the Court considers proper. Fed. R. Civ. P. 41(a)(2) (after answer or a motion for summary judgment is filed, a plaintiff may dismiss only by stipulation signed by all parties who have appeared or by order of court "on terms that the court considers proper"). "Unless the [Court's] order states otherwise, a dismissal under this paragraph . . . is

without prejudice." *Id.* This Rule exists primarily to protect the interests of the defendant, but courts should consider the equities of dismissal as applied to all parties. *See* James Wm. Moore et al., 8 *Moore's Federal Practice* § 41.40[5][A] (3rd ed. 2011). Whether to grant a plaintiff's request under Rule 41(a)(2) falls within the "sound discretion of the district court." *Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). District courts properly deny a dismissal without prejudice where the "defendant will suffer 'plain legal prejudice.'" *Rivera v. DePuy Orthopaedics, Inc.*, No. 3:10 DP 20060, 2011 WL 4368981, at *2–3 (N.D. Ohio Sept. 19, 2011) (citing *Cone v. W. Va. Pulp & Paper Co.*, 330 U.S. 212, 217 (1947), and *Grover*, 33 F.3d at 718).

"Generally, an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." *Grover*, 33 F.3d at 718. In determining whether a defendant will suffer "plain legal prejudice," a court should consider such factors as "the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." *Id.* (citation omitted).

In the instant action, while Defendants have filed a motion for summary judgment, they have not prepared for trial, which has not yet been scheduled. Also, Plaintiff has not engaged in excessive delay tactics or shown a lack of diligence. Indeed, it appears that the real prejudice that Defendants suffer is the prospect of a second lawsuit, which in the circumstances *sub judice*, is not plain legal prejudice. Therefore, the Court is inclined to permit Plaintiff to dismiss without prejudice. However, in the event the case is ever re-filed, Defendants may move in the second

2

action to recover any unnecessary costs incurred in the dismissal of the first action.

Accordingly, the Court **GRANTS** Plaintiff's motion to dismiss in accordance with the conditions set forth herein. The Clerk is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

\_\_\_12-2-2013\_\_\_
**DATE**

_____
EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

3